# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1096

UNITED STATES OF AMERICA

v.

GORDON JOHNSON,
Appellant

Appeal from the U.S. District Court, W.D. Pa.
Chief Judge Cathy Bissoon, No. 2:21-cr-00492-002

Before: RESTREPO, PHIPPS, and MASCOTT, *Circuit Judges*
Submitted: Jan. 22, 2026; Filed: Jul. 15, 2026

NONPRECEDENTIAL OPINION[*]

RESTREPO, *Circuit Judge*.  Gordon Johnson was convicted of drug and money-laundering offenses.  He challenges his sentence, arguing that the District Court erroneously applied a two-level aggravating role enhancement under United States Sentencing Guideline § 3B1.1 and failed to consider mitigating evidence.  For the following reasons, we will affirm.

---

[*] This is not an opinion of the full Court and, under 3d Cir. I.O.P. 5.7, is not binding precedent.

## I.

Johnson was involved in the Jamal Stoner drug-trafficking organization from 2020 to 2021. He supplied cocaine to couriers in Atlanta, who delivered the drugs to Pittsburgh. The same couriers transported large sums of money back to Johnson in Atlanta.

Johnson's relationships with two codefendants are relevant to this appeal. In August 2021, codefendant Wilbert Corley was stopped at the Atlanta airport, and $37,000 was found in his luggage. Johnson was present at the airport and had instructed Corley on where to retrieve the luggage at baggage claim. After Corley's arrest, an unidentified woman called Johnson, explaining that Corley had told her to do so. She asked if Corley "ha[d] nothing with him" when he was arrested, and Johnson replied that Corley only had money on him. Resp. Br. 3.

In October 2021, codefendant Kory Singleton was arrested at a Pittsburgh bus station while on the phone with Johnson. Phone records showed that Singleton and Johnson had exchanged five video calls that day. Agents found seven kilograms of cocaine in Singleton's backpack. During a search of Johnson's home, agents found records for an American Express account jointly held by Singleton and Johnson that was used to buy bus and airfare tickets for members of the drug-trafficking organization. Records showed that in 2020, Singleton had deposited over $310,000 into a personal credit union account, which he used to pay the American Express bills. These deposits were drug-trafficking proceeds that came from Johnson.

Johnson pled guilty to conspiracy to distribute cocaine, maintaining a drug-involved premises, and conspiracy to commit money laundering. The Presentence Report ("PSR")

2

recommended a two-level aggravating role enhancement under USSG § 3B1.1(c) for Johnson's role in the money-laundering scheme. Johnson moved for a downward variance. At sentencing, the District Court applied the two-level role enhancement and denied Johnson's motion. Johnson was sentenced to 210 months in prison and five years of supervised release. He timely appealed.

## II.[1]

Johnson argues that the District Court erred by (1) applying the two-level aggravating role enhancement under USSG § 3B1.1(c); and (2) failing to meaningfully consider statutory sentencing factors before denying the downward variance.

### A. Aggravating Role Enhancement

Because Johnson failed to object to the § 3B1.1(c) enhancement for his role in the money-laundering scheme, we review for plain error. *See* Fed. R. Crim. P. 52(b). Johnson must prove that (1) there was an "error"; (2) the error was "plain"; (3) the error prejudiced or "affect[ed] [his] substantial rights"; and (4) not correcting the error would "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (citation modified). In assessing the first prong, we apply the same standard of review that would have applied had the argument been preserved. *United States v. Adair*, 38 F.4th 341, 355–56 (3d Cir. 2022). Thus, we review for clear error the District Court's factual findings in support of a sentencing enhancement. *United States v. Miller*, 172 F.4th 242, 247 (3d Cir. 2026); *United States v. Texidor*, 164

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

F.4th 248, 253 (3d Cir. 2026), *petition for cert. filed*, 164 F.4th 248 (U.S. May 21, 2026) (No. 25-7443).

Johnson fails at the error prong. Section 3B1.1(c) provides a two-level increase "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in subsection (a) or (b)." USSG § 3B1.1(c). Johnson urges us to apply Application Note 2 to § 3B1.1, which states that "[t]o qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of *one or more participants*," as opposed to property, assets, or activities. USSG § 3B1.1 cmt. n.2 (emphasis added).

First, the Government does not dispute that the § 3B1.1(c) enhancement must be based on Johnson's money-laundering, and not drug-trafficking, conduct. *See* USSG § 2S1.1 cmt. n.2(C) (stating that "any Chapter Three adjustment shall be determined based on the offense covered by this guideline (i.e., the laundering of criminally derived funds)"); *United States v. Capps*, 977 F.3d 250, 256–57 (3d Cir. 2020) (finding plain error where district court applied a Chapter Three adjustment based on conduct unrelated to money laundering). Contrary to Johnson's contention, there is no indication that the District Court thought otherwise.

Next, even applying Application Note 2, which favors Johnson,[2] the record adequately supports his "oversight" over Corley and Singleton. *Adair*, 38 F.4th at 352 nn.

---

[2] This appeal does not require us to determine the deference that should be afforded to Application Note 2 under *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021). Even assuming its applicability, Johnson does not prevail.

16–17; *see United States v. Chau*, 293 F.3d 96, 103 (3d Cir. 2002) (citation modified) (noting that "a manager or supervisor is one who exercises some degree of control over others involved in the offense"). Johnson was present at the airport upon Corley's arrival and knew that Corley was traveling with money in his luggage. Not only that, but Johnson was in frequent contact with Corley, directed him on where to retrieve the luggage, and was called upon Corley's arrest. These facts, which are not clearly erroneous, support the application of the two-level enhancement.

The same goes for Singleton. Despite having minimal legitimate employment, Singleton deposited large amounts of cash into a personal bank account that he used to pay off the jointly held credit card funding Johnson's drug-trafficking activities. The cash deposits came from Johnson and were proceeds of drug trafficking. According to the Supplemental Addendum to the PSR, Singleton made those deposits "at the direction" of Johnson. Resp. Br. 14. Johnson's claim that the District Court never adopted this factual finding from the Supplemental Addendum rests on an irrelevant portion of the sentencing transcript and is contradicted by the record. *See* App. 61 (overruling Johnson's objections to the PSR and "adopt[ing] the factual findings . . . in the presentence investigation report, as amended in the addendum *and the supplement*" (emphasis added)). Even if there is some reason to question whether Johnson ordered Singleton to make the cash deposits, we are not left with a "definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (citation modified). Johnson has not shown clear error.

Finally, we reject Johnson's assumption that Singleton and Corley could not have been "participants" within the meaning of § 3B1.1 because they were not indicted for money laundering. Application Note 1 defines "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." USSG § 3B1.1 cmt. n.1.[3] We do not read this commentary, nor our precedent, as limiting "participants" to those who were indicted. *See, e.g.*, *Texidor*, 164 F.4th at 256 (finding no clear error where the defendant's criminal activity involved five or more participants, including "his uncle, who was not indicted"); *United States v. Bierley*, 922 F.2d 1061, 1065 (3d Cir. 1990) (explaining that a participant need not be a defendant); *Miller*, 172 F.4th at 253 (assessing whether an individual is a "participant" based on her "factual involvement" in the offense). Johnson otherwise provides no basis to conclude that it was clear error to characterize Corley or Singleton as participants. The District Court did not err, plainly or otherwise, in applying the aggravating role enhancement.

## B. Procedural Reasonableness

Johnson argues that the District Court procedurally erred by failing to meaningfully consider statutory sentencing factors before denying Johnson's request for a downward variance. For a sentence to be procedurally reasonable, the District Court must "g[i]ve meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a)," as well as relevant mitigating evidence. *United States v. Clay*, 128 F.4th 163, 185 (3d Cir. 2025) (citation modified); *United States v. Cora-Alicea*, 100 F.4th 478, 483 (3d Cir. 2024).

---

[3] While this appeal was pending, we held that Application Note 1 is entitled to deference. *Miller*, 172 F.4th at 251.

We typically review procedural reasonableness for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). If the issue was not preserved below, we review for plain error. *See United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) (en banc). Either way, Johnson must show, at the very least, an abuse of discretion. He does not.

According to Johnson, because the District Court stated that "there is no scenario under which a lesser sentence would be sufficient in this case," it could not have possibly considered Johnson's mitigation evidence. App. 73. Johnson reads this statement in a vacuum. A full review of the sentencing transcript makes clear that the District Court did give "rational and meaningful consideration [to] the § 3553(a) factors" and Johnson's post-arrest rehabilitation efforts. *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012); *see* App. 43–44 (court confirming that it read Johnson's entire file, which contained "dozens of letters in support [of Johnson], [and] certificates of completion, including a diploma"); App. 65 (defense counsel stating on the record that Johnson had taken over 150 different classes while incarcerated); App. 72–73 (court stating that it has considered Johnson's "rehabilitation," as well as the other § 3553(a) factors); App. 73 (court explaining that while it "does admire and does encourage the defendant to continue to better himself during his imprisonment," the motion for a downward variance is rejected). In context, we read the District Court's statement to express its judgment that based on the facts presented, including Johnson's significant post-arrest rehabilitation, a downward variance was nonetheless unwarranted. There was no error.

\* \* \* \* \*

For the foregoing reasons, we will affirm.